GRABER, Circuit Judge,
specially concurring:
I agree that the petition in this case must be granted. But I write separately to express my view that, in situations other than the particular one presented here, statements made at a bond hearing may be admissible and may support an adverse credibility determination.
*1248 A bond hearing is informal. It lacks many procedural safeguards and serves a purpose unrelated to eligibility for relief from removal. Here, the notes taken by the immigration judge (“IJ”) lack sufficient indicia of reliability to constitute an adequate basis for an adverse credibility determination. See Singh v. Gonzales, 403 F.3d 1081, 1087-90 (9th Cir.2005) (holding that an asylum officer’s “Assessment to Refer” usually cannot support an adverse credibility determination); Singh v. INS, 292 F.3d 1017, 1021-24 (9th Cir.2002) (holding that an alien’s airport interview usually cannot support an adverse credibility determination).
I reach this conclusion largely because of the nature of the alleged conflicts between the IJ’s notes and Petitioner’s testimony. The IJ relied on a perceived lack of detail, but that reliance is insufficient. Singh, 292 F.3d at 1022. The only conflict between the IJ’s notes and Petitioner’s testimony is whether Dario was pro-Aristide or anti-Aristide. As an initial matter, it is puzzling what relevance that fact would have to a bond hearing. Perhaps because the fact was not relevant, I think that the IJ’s “pro” notation was a mere transcription error of the sort that is likely to occur when a person takes informal notes at an informal proceeding. Because there is no recording or transcript of the bond hearing, there is no way to test the correctness of the IJ’s notes on this tiny and previously irrelevant detail. For those reasons, the adverse credibility determination cannot be supported by the IJ’s reference to her own notes at the earlier bond hearing.[1]
In other situations, however, statements made at a bond hearing might be admissible and might support an adverse credibility determination. For instance, if a transcript of the proceeding were available, neither the regulations nor common sense would prohibit the use of statements made by the petitioner or by other witnesses. In that situation, the regulations permit consideration of any witness’ prior statements. 8 C.F.R. § 1240.7(a).
In my view, 8 C.F.R. § 1003.19(d) is not to the contrary. That regulation states, in relevant part, that “[cjonsideration by the Immigration Judge of an application or request of a respondent regarding custody or bond under this section shall be separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding.” That is, at a later removal hearing, the IJ may not consider the fact that an alien has applied for or requested bond, but the regulation does not prohibit the IJ from considering relevant statements made at a bond hearing.

. I agree with the majority opinion that the IJ’s other reasons for the adverse credibility determination are not supported by substantial evidence.